**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARY D., | : | |
| plaintiff, | : | |
| v. | : | CASE NO. 3:20-cv-656(RAR) |
| KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY, | : | |
| defendant. | : | |

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**

Mary D. ("plaintiff") has moved for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel is seeking $48,603.788, which is twenty-five percent of the past due Social Security benefits paid to plaintiff. (Dkt. #29 at 1.) The Commissioner, in his limited role in this type of proceeding, does not object to the granting of this motion. (Dkt. #32.)

Following a denial of benefits by an Administrative Law Judge ("ALJ"), plaintiff's counsel filed an initial action, 3:17-cv-803(RMS), seeking judicial review of the adverse decision by the ALJ. (Dkt. #29.) The Court reversed and remanded that decision to the Social Security Administration ("SSA") for further proceedings after which the ALJ again denied benefits. (Dkt. #29 at 1.) Plaintiff's counsel then filed the

instant action seeking reversal or remand of the ALJ's decision. By order, dated 9/1/2021, the Undersigned granted plaintiff's motion and remanded the case to the Commissioner for further proceedings. (Dkt. #25.) Following remand and an additional hearing before an ALJ, plaintiff received a Notice of Award from the Social Security Administration dated December 11, 2022. (Dkt. #29-1.) The Notice of Award indicated that the SSA had withheld $48,603.78, which was noted to be 25% of the past due benefits to which plaintiff was entitled. (Dkt. #29-1 at 5.)

In evaluating a motion for attorney's fees in the Social Security context, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" Fields v. Kijakazi, 24 F.4th 845, 849 (2d Cir. 2022) (citing 42 U.S.C. § 406(b)(1)(A)). In Fields, Judge Calabresi outlined the now well-established "guidelines for courts conducting this reasonableness analysis, instructing [courts] to consider: a) the character of the representation and the result the representative achieved, b) whether a claimant's counsel is responsible for undue delay, and c) whether there was fraud or overreaching in the making of the contingency agreement." Fields, 24 F.4th at 849 (footnote omitted).

In addition, "as a part of the reasonableness determination, a district court must also consider whether a requested fee would result in a 'windfall' to counsel." Id. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." Id. at 854. Rather, the court should consider the "ability and expertise of the lawyer" involved, the "nature and length of the professional relationship with claimant," the satisfaction of the client, and how uncertain it was that the case would result in an award of benefits. Id. at 854-55. As the Second Circuit noted, "even a high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case" Id. at 854.

In the instant case, the motion for attorney's fees was timely filed following the positive result for the claimant and there is no evidence of any undue delay or fraud on the part of plaintiff's counsel. Additionally, the requested amount is equal to, but does not exceed 25% of the award of benefits. In looking at the relevant factors regarding the reasonableness of the award, the Court finds that the requested fee would not constitute a windfall. Plaintiff's counsel is experienced and skilled in the area of Social Security disability appeals and regularly represents claimants before this Court. Plaintiff's counsel has expended 84.1 hours of time in representing the

plaintiff in two separate federal court actions and the corresponding hearings before an ALJ. Presumably, the plaintiff, who has now been awarded benefits is content with counsels' performance in this case. Finally, plaintiff's counsel was tenacious and was required to successfully seek remand twice at the federal court in order to achieve this result. For these reasons the award of $48,603.78, which amounts to an hourly rate of $577.93, is reasonable.

**CONCLUSION**

Based on the foregoing, plaintiff's motion for an award of attorney's fees in the amount of $48,603.78 is GRANTED. Upon receipt of the fees, plaintiff's counsel has indicated that he will refund to plaintiff the smaller of the fee awarded herein, or previously awarded under the Equal Access to Justice Act.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED this 27th day of February, 2023, at Hartford, Connecticut.

/s/
Robert A. Richardson
United States Magistrate Judge